**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7302

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

MOHAMED ABDI JAMA, a/k/a Mohammed Abdi Jamah,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, Senior District Judge. (2:10-cr-00057-RAJ-DEM-2, 2:21-cv-00293-RAJ-DEM)

Submitted: November 10, 2022                    Decided: December 12, 2022

Before KING and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Reversed in part and remanded with instructions by unpublished per curiam opinion.

**ON BRIEF:** Jessica D. Aber, United States Attorney, Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant. Paul A. Driscoll, ZEMANIAN LAW GROUP, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury in the Eastern District of Virginia convicted Mohamed Abdi Jama of 10 offenses, including using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (Count 9); and using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2 (Count 10). The district court sentenced Jama to life in prison for one of the offenses plus a consecutive sentence of 60 months' imprisonment on Count 9 and another consecutive sentence of 300 months' imprisonment on Count 10. We affirmed Jama's convictions and sentence. *United States v. Osman*, 705 F. App'x 190 (4th Cir. 2017); *United States v. Said*, 798 F.3d 182, 200 (4th Cir. 2015). The district court subsequently denied Jama's first 28 U.S.C. § 2255 motion.

We later granted Jama's 28 U.S.C. § 2244 motion requesting authorization to file a second or successive § 2255 motion based on *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague). After reviewing Jama's second § 2255 motion, the district court vacated Jama's convictions and sentences on Counts 9 and 10. The Government filed the instant appeal, challenging the district court's ruling only as to Count 10. We placed the appeal in abeyance pending our resolution of the Government's appeal in a codefendant's case, *United States v. Said*, No. 21-7089, where the district court had granted the same relief using identical reasoning.

In February 2022, we issued our opinion in the case of Jama's codefendant. *United States v. Said*, 26 F.4th 633 (4th Cir. 2022). As relevant here, we reversed the district

2

court's award of § 2255 relief on Count 10 and remanded with instructions to reinstate the codefendant's conviction on that count. *Id.* at 665. Because the Government had not challenged the district court's vacatur of the codefendant's conviction on Count 9, we "le[ft] it to the district court to consider in the first instance whether to resentence [the codefendant] on any other count under the sentencing-package doctrine." *Id.*

Given our February 2022 decision in *Said*, the parties now agree that the district court's vacatur of Jama's conviction on Count 10 must be reversed. And we agree with the parties. Accordingly, we reverse the district court's vacatur of Jama's conviction on Count 10 and remand for the reinstatement of that conviction. As in *Said*, we leave undisturbed the district court's vacatur of Jama's conviction and sentence on Count 9, and we remand for the district court to consider in the first instance whether to resentence Jama under the sentencing-package doctrine. *Id.*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REVERSED IN PART AND*
*REMANDED WITH*
*INSTRUCTIONS*

3